Neal Weingart, Esq.
820 SW 2nd Ave.
Suite 200
Portland, Oregon 97204
Tel: 503-379-9933
Email: neal@nealweingartlaw.com

*Attorneys for Plaintiff and the Alleged Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| **CHET WILSON**, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**SKOPOS FINANCIAL, LLC d/b/a REPRISE FINANCIAL**,<br><br>　　　　　　Defendant. | Case No. 6:25-cv-00376<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1.　　Plaintiff Chet Wilson ("Plaintiff" or "Wilson") brings this Class Action Complaint against Defendant Skopos Financial, LLC d/b/a Reprise Financial ("Defendant" or "Reprise") to: (1) stop Defendant's practice of placing text message telephone solicitation calls to the cellular telephones of consumers who have placed their numbers on the National Do Not Call Registry without first securing the consumer's prior express invitation or permission; (2) enjoin Defendant from continuing to send such text message solicitations to consumers who did not provide their prior express invitation or permission to receive them, and (3) obtain redress for all persons injured

1

by Defendant's conduct. Plaintiff seeks an award of statutory damages pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") for himself and for the members of the alleged Class, plus court costs and reasonable attorneys' fees.

2. Plaintiff, for his complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## **PARTIES**

3. Plaintiff Wilson is a natural person over the age of eighteen (18), and he resides in Florence, Lane County, Oregon.

4. Defendant is a limited liability company with its principal place of business located in Irving, Texas. Defendant conducts business throughout this District, the State of Oregon, and the United States.

## **JURISDICTION & VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, a federal statute.

6. This Court has personal jurisdiction over Defendant because it solicits significant business in this District, a significant portion of the unlawful conduct alleged in this Complaint was directed to this District, and the unlawful telemarketing at issue in this case was received by Plaintiff, who resides in this District.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendant conducts a significant amount of consumer business within this District, and because a portion of the wrongful conduct giving rise to this case occurred in this District.

## ALLEGATIONS OF FACT

8. Reprise is an auto-loan lender based in Texas.

9. At all times relevant, and for at least the last five years, Plaintiff was the subscriber and sole customary user of a personal cellular telephone number ending in 9999. Plaintiff registered his number on the National Do Not Call Registry at least 30 days prior to receiving the text message calls at issue in this case.

10. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

11. The National Do Not Call ("DNC") Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the DNC "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. As part of its business practice, Defendant sends telemarketing solicitations via text message to consumers in hopes that they will apply for auto loans through Defendant.

14. Unfortunately for consumers, Defendant casts its marketing net too wide. That is, in an attempt to promote its business, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that repeatedly sends unsolicited telemarketing text messages to consumers' cellular telephones, including to those whose numbers are on the National Do Not Call

Registry who did not provide prior express invitation or permission to receive such messages.

15.     In November 2024, Wilson received a series of text messages from Defendant soliciting him to apply for and purchase Defendant's loan products and services, all sent at least more than thirty (30) days after he placed his number on the National DNC Registry. A screenshot of the messages received are below:



16.     As each message is addressed to "Brian," which is not Plaintiff's name, on

information and belief Reprise placed the text message calls at issue in this case intending to reach someone other than Plaintiff Wilson.

17. Plaintiff has never provided his cellular telephone number to Defendant.

18. Plaintiff never had a business relationship with Defendant.

19. Plaintiff did not opt-in to receive any text message solicitations from Defendant.

20. Defendant was, and is, aware that the above-described text messages were sent to consumers like Plaintiff who did not consent to receive them.

21. By placing the unauthorized text messages alleged herein, Defendant has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing that they interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components.

22. To redress these injuries, Plaintiff, on behalf of himself and Class of similarly situated individuals, brings this suit under the TCPA. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized telemarketing activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and the Class defined as follows:

> All persons throughout the United States (1) to whom Defendant delivered, or directed to be delivered, more than one text message within a 12 month

period for purposes of soliciting the sale or use of Defendant's products or services, (2) where the person's telephone number had been registered with the National Do Not Call Registry for at least thirty (30) days before Defendant delivered or directed to be delivered at least two of the text messages within the 12-month period, (3) from four-years prior to the filing of the initial complaint in this action through the date notice is disseminated to a certified class, and (4) for whom Defendant claims it obtained prior express invitation or permission in the same manner as Defendant claims it obtained prior express invitation or permission from Plaintiff.

24. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

25. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed telemarketing text message calls to hundreds or thousands of consumers who fall into the defined Class. However, the exact number of members of the Class can be identified through reference to objective criteria, including Defendant's records.

26. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

27. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

28. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether Defendant's conduct constitutes a violation of the TCPA;

   (b) whether Defendant, without first obtaining prior express invitation or permission, systematically sent more than one text message solicitation to members of the Class more than (30) days after the Class members' number was placed on the National DNC Registry;

   (c) whether Defendant properly "scrubbed" its telemarketing list against the National DNC Registry;

   (d) whether Defendant sent text message solicitations to wrong numbers; and

   (e) the availability of statutory damages and whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Appropriateness:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as

a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227, *et seq.*)
### (On Behalf of Plaintiff and the Class)

30. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

32. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

33. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiffs and the DNC Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry,

a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

34. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiffs and the DNC Registry Class received more than one call in a twelve-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

35. As a result of Defendant's conduct as alleged herein, Plaintiffs and the DNC Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

36. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Registry Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing his counsel as Class Counsel;

B. An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the class members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA and appropriate injunctive relief;

D. An award of pre- and post-judgment interest;

E.  An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

F.  Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: March 4, 2025

**CHET WILSON**, individually and on behalf of all others similarly situated,

By: /s/ Neal Weingart
      One of Plaintiff's Attorneys

Neal Weingart, Esq.
820 SW 2nd Ave.
Suite 200
Portland, Oregon 97204
Tel: 503-379-9933
Email: neal@nealweingartlaw.com

Patrick H. Peluso*
ppeluso@pelusolawfirm.com
**PELUSO LAW, LLC**
865 Albion Street, Suite 250
Denver, Colorado 80220
Telephone: (720) 805-2008

Attorneys for Plaintiff and the Alleged Class
*pro hac vice* admission to be sought