**Nicholas L. Dazer, OSB #002403**
Email: nick@dazerlaw.com
NICHOLAS DAZER PC
12901 SE 97th Avenue, Suite 330
Clackamas, Oregon 97015
Telephone: (503) 953-1043

**Dunham Biles, TX Bar** (*pro hac vice*)
Email: dunham@bileswilson.com
BILES WILSON, PLLC
457 Laurence Drive, Ste. 195
Heath, Texas 75032
Telephone: (972) 345-2626

*Attorneys for Defendant Skopos Financial, LLC dba Reprise Financial*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHET WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SKOPOS FINANCIAL, LLC d/b/a REPRISE FINANCIAL,<br><br>Defendant. | Case No.: 6:25-cv-00376-MC<br><br>**DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW**<br><br>ORAL ARGUMENT REQUESTED |

## CERTIFICATION UNDER LR 7-1(A)

In compliance with Local Rule 7-1(a)(1), counsel for Defendant certifies that he conferred with Plaintiff's counsel regarding this Motion, and Plaintiff is opposed.



NICHOLAS DAZER PC
12901 SE 97th Avenue, Ste. 330
Clackamas, Oregon 97015
Telephone: (503) 953-1040
Facsimile: (503) 953-1039

## MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

Defendant Skopos Financial, LLC dba Reprise Financial ("Reprise") submits this Motion To Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) seeking dismissal of the Complaint filed by Plaintiff Chet Wilson ("Plaintiff") on behalf of all others similarly situated.

## MEMORANDUM OF LAW

## I. PRELIMINARY STATEMENT

The text messages at issue here are simply not "telephone solicitations" as that term is defined by the Telephone Consumer Protection Act ("TCPA"). The regulations implementing the TCPA make clear that, when it comes to calling individuals on the National Do Not Call ("NDNC") list, it is not enough to allege that a telephone call took place. Instead, the defendant must initiate a "telephone solicitation." Here, the text messages at issue merely provide the recipient with information on how to complete a previously started loan application. As such, they are not solicitations, but are, rather, informational text messages sent to a customer who had previously begun a loan application process. Because Reprise had a proper purpose in sending the text, even accepting Plaintiff's factual allegations as true, Plaintiff fails to state a claim upon which relief may be granted. Moreover, through the TCPA, Congress carefully chose to create a cause of action for persons on the NDNC list who received *telephone calls*, not text messages. Plaintiff, however, only alleges that he received text messages, not telephone calls. Plaintiff, therefore, fails to state a claim for relief. For those reasons, Plaintiff's claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).



NICHOLAS DAZER PC
12901 SE 97th Avenue, Ste. 330
Clackamas, Oregon 97015
Telephone: (503) 953-1040
Facsimile: (503) 953-1039

## II.
## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this putative class action lawsuit on March 4, 2025.[1] According to Plaintiff, he registered his telephone number on the National Do No Call Registry "at least 30 days prior to receiving the text message calls at issuing this case."[2] Plaintiff further alleges that, thereafter, in November 2024, he received four text messages from Reprise.[3] The four text messages state, respectively: (1) ". . . Brian, this is Jamie with Reprise Financial. Just a reminder to log in at repriseFinancial.com to complete your application and review next . . ."; (2) ". . . Brian, this is Jamie with Reprise Financial. Just a reminder to log in at repriseFinancial.com to complete your application and review next . . ."; (3) ". . . BRIAN, this is Julie with Reprise Financial. We received your loan request through LendingTree. Please log in at RepriseFinancial.com to complete . . . "; and (4) ". . . BRIAN, this is Julie with Reprise Financial. We received your loan request through LendingTree. Please log in at RepriseFinancial.com to complete . . ."[4] Even though Plaintiff recognizes that he is not Brian and that these text messages were intended for someone else, he does not allege that he ever asked Reprise to stop sending the texts or notified Reprise that they were texting the wrong person.

---

[1] Doc. 1.

[2] Doc. ¶ 9.

[3] Doc. ¶ 15.

[4] Doc. ¶ 15.



NICHOLAS DAZER PC
12901 SE 97th Avenue, Ste. 330
Clackamas, Oregon 97015
Telephone: (503) 953-1040
Facsimile: (503) 953-1039

Based on the above, Plaintiff asserts a single count for negligent and willful violation of 47 U.S.C. § 227(c)(5). [5]

## III.
## SUMMARY OF ARGUMENTS

Plaintiff's Complaint should be dismissed. In order to state a claim under the TCPA, Plaintiff must allege that Reprise initiated a "telephone solicitation." Plaintiff fails to state a claim for at least two reasons.

First, the text messages at issue are, as a matter of law not solicitations. On their face, the messages show that Reprise's intent was to provide information to the recipient about how to complete a process that had already been initiated.[6] The text messages, therefore, were not sent "for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services."[7] Accordingly, Plaintiff has failed to state a claim under 47 U.S.C. § 227(c)(5). Second,

---

[5] Doc. 1 ¶¶ 30-36; ("A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State-- (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or (C) both such actions. It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.") 47 U.S.C. § 227(c)(5).

[6] *See In re Rules & Regs. Implementing the Tel. Consum. Prot. Act of 1991*, 21 FCC Rcd. 3787, 3812 ¶ 49 (Apr. 6, 2006).

[7] Doc. 1 ¶¶ 30-36.


NICHOLAS DAZER PC
12901 SE 97th Avenue, Ste. 330
Clackamas, Oregon 97015
Telephone: (503) 953-1040
Facsimile: (503) 953-1039

the TCPA section 227(c) creates a cause of action for recipients of telephone calls, not text messages.[8] Plaintiff does not allege that he received telephone calls from Reprise. Plaintiff, therefore, has failed to state a claim under 47 U.S.C. § 227(c)(5).

For those reasons, Plaintiff fails to state a claim against Reprise. Accordingly, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV.
## APPLICABLE LEGAL STANDARDS

### A. Federal Rule of Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a claim for failure to state a claim upon which relief can be granted if the complaint does not provide sufficient factual allegations to show that the right to relief is plausible.[9] A claim is plausible on its face "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

---

[8] 47 U.S.C. § 227(c)(5).

[9] *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not been shown – that the pleader is entitled to relief; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (-that the pleader is entitled to relief."); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line for conceivable to plausible, their complaint must be dismissed.").

[10] *Iqbal*, 556 U.S. at 678.



NICHOLAS DAZER PC
12901 SE 97th Avenue, Ste. 330
Clackamas, Oregon 97015
Telephone: (503) 953-1040
Facsimile: (503) 953-1039

The Supreme Court has explained that, pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a claim when it is clear that the plaintiff can "prove no set of facts in support of its claim that would entitle it to relief."[11] In other words, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[12] "A claim has facial plausibility when [a plaintiff] pleads factual content that allows the court to draw the reasonable inference that [the defendant] is liable for the misconduct alleged."[13] But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[14] The *Twombly* and *Iqbal* decisions set forth a two-step process for analyzing the sufficiency of a complaint. First, the Court should identify the allegations in the complaint that are not entitled to the assumption of truth. In particular, the Court must disregard "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement."[15] Second, the Court must consider the remaining factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief.[16]

[11] *Jenkins v. McKeithen*, 395 U.S. 411, 423 (1969).

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[14] *See id.*

[15] *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557.

[16] *See id.*



NICHOLAS DAZER PC
12901 SE 97th Avenue, Ste. 330
Clackamas, Oregon 97015
Telephone: (503) 953-1040
Facsimile: (503) 953-1039

## B. Telephone Consumer Protection Act

Congress passed the TCPA in 1991 to address "the proliferation of intrusive, nuisance calls" to consumers and businesses from telemarketers.[17] Pursuant to § 227(c)(5) of the TCPA, "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity *in violation of the regulations prescribed under this subsection*" has a private civil right of action against the entity.[18]

47 C.F.R. § 64.1200(c) (a regulation prescribed by 47 U.S.C. § 227(c)(5)) provides as follows:

No person or entity shall initiate any *telephone solicitation* to:

> (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.[19]

The TCPA defines telephone solicitation as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services."[20] 47 C.F.R. § 64.1200(f)(13) uses the exact same language to define telemarketing.[21] Thus,

---

[17] *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163, 1167 (2021) (emphasis added).

[18] *See* 47 U.S.C. § 227(c)(5) (emphasis added).

[19] 47 C.F.R. § 64.1200(c) (emphasis added).

[20] 47 U.S.C. § 227(a)(5).

[21] ("The term telemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.").



NICHOLAS DAZER PC
12901 SE 97th Avenue, Ste. 330
Clackamas, Oregon 97015
Telephone: (503) 953-1040
Facsimile: (503) 953-1039

"[i]nformational, non-solicitation telephone calls to numbers on the do-not-call registry do not violate the TCPA."[22] Text messages sent directing the recipient towards completing a process or validating personal information do not meet the definition of "telephone solicitation" or "telemarketing."

In fact, the FCC has determined that messages, "whose purpose is to facilitate, complete, or confirm a commercial transaction that the recipient has previously agreed to enter into with the sender are not advertisements."[23] When evaluating whether the purpose of a text is for the purpose of solicitation, as opposed to providing information, courts should use "a measure of common sense."[24]

## V.
## ARGUMENTS AND AUTHORITIES

### A. The Court Should Dismiss Plaintiff's Complaint Because Plaintiff Does Not Allege That Reprise Initiated A Telephone Solicitation.

Plaintiff relies on 47 C.F.R. § 64.1200(c) which requires showing that Reprise initiated a "telephone solicitation." Here, however, every word of the text messages at issue demonstrates that their purpose is to facilitate the completion of a loan application that was previously begun by a customer. In fact, Plaintiff acknowledges that he believes that these texts were intended for

---

[22] *Williams-Diggins v. Republic Servs.*, No. 3:18 CV 2313, 2019 WL 5394022, at *2 (N.D. Ohio Apr. 25, 2019) (granting motion to dismiss where complaint "states that the purpose of the calls was to inform, not to solicit business").

[23] *See In re Rules & Regs. Implementing the Tel. Consum. Prot. Act of 1991*, 21 FCC Rcd. 3787, 3812 ¶ 49 (Apr. 6, 2006).

[24] *Aderhold v. car2go N.A. LLC,* 668 F. App'x 795, 796 (9th Cir. 2016) ("We approach the question of the purpose of a message 'with a measure of common sense.'"). !



NICHOLAS DAZER PC
12901 SE 97th Avenue, Ste. 330
Clackamas, Oregon 97015
Telephone: (503) 953-1040
Facsimile: (503) 953-1039

someone else since Plaintiff's name is not Brian.[25] The four text messages state:

> (1) ". . . Brian, this is Jamie with Reprise Financial. Just a reminder to log in at repriseFinancial.com to complete your application and review next . . .";[26]
>
> (2) ". . . Brian, this is Jamie with Reprise Financial. Just a reminder to log in at repriseFinancial.com to complete your application and review next. . .";[27]
>
> (3) ". . . BRIAN, this is Julie with Reprise Financial. We received your loan request through LendingTree. Please log in at RepriseFinancial.com to complete . . .";[28] and
>
> (4) ". . . BRIAN, this is Julie with Reprise Financial. We received your loan request through LendingTree. Please log in at RepriseFinancial.com to complete . . ."[29]

Reprise did not initiate those text messages for the purposes of promoting its goods or services to Plaintiff. Reprise sent this message to follow up on a request that was consumer-initiated. Reprise's text message, therefore, is not a telephone solicitation and does not constitute a violation of the TCPA.

For the foregoing reasons, the Court should dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[25] Doc. ¶ 16.

[26] Doc. ¶ 15.

[27] Doc. ¶ 15.

[28] Doc. ¶ 15.

[29] Doc. ¶ 15.



NICHOLAS DAZER PC
12901 SE 97th Avenue, Ste. 330
Clackamas, Oregon 97015
Telephone: (503) 953-1040
Facsimile: (503) 953-1039

## B. The Court Should Dismiss Plaintiff's Complaint Because Plaintiff Does Not Allege That He Received Telephone Calls.

Through the TCPA, Congress chose to create a cause of action for persons on the NDNC list who received one or more *telephone calls*, not text messages.[30] Although the Federal Communications Commission has implemented regulations defining text messages as telephone calls for purposes of 47 U.S.C. § 227(b) (containing prohibitions on the use of automatic telephone dialers),[31] it has never done so for 47 U.S.C. 227(c) (dealing with persons on the NDNC). Even if it had done so, however, the FCC's ability to expand the category of persons upon which Congress bestowed a cause of action is doubtful, particularly given the Supreme Court's recent directive that "[i]t is emphatically the province and duty of the judicial department to say what the law is."[32]

Because Plaintiff only alleges that he received text messages, which are not telephone calls, Plaintiff does not fall within the category of persons that Congress chose to be able to bring suit

---

[30] *See* 47 U.S.C. § 227(c)(5) ("a person who has received more than one *telephone calls* within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" has a private civil right of action against the entity.) (emphasis added).

[31] *In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14115 (2003) ("We affirm that under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. . . .This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service. Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls."); *Murphy v. DCI Biologicals Orlando*, LLC, 797 F.3d 1302, 1305 (11th Cir. 2015) ("The prohibition against auto dialed calls applies to text message calls as well as voice calls.").

[32] *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2247 (2024) (holding that federal courts should no longer defer to federal agencies' interpretation of federal statutes).



NICHOLAS DAZER PC
12901 SE 97th Avenue, Ste. 330
Clackamas, Oregon 97015
Telephone: (503) 953-1040
Facsimile: (503) 953-1039

under the TCPA section 227(c). Accordingly, Plaintiff's claim should be dismissed with prejudice[33] pursuant to Federal Rule of Civil Procedure 12(b)(6). [34]

## VI.
## CONCLUSION

For the forgoing reasons, Reprise requests that the Court: (1) grant the Motion; and (2) dismiss Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: April 4, 2025.

**NICHOLAS DAZER PC**

*/s/ Nicholas L. Dazer*
Nicholas L. Dazer, OSB No. 002403
E-mail: nick@dazerlaw.com

**BILES WILSON, PLLC**

Dunham Biles, TX Bar (*pro hac vice*)
E-mail: dunham@bileswilson.com

*Attorneys for Defendant Skopos Financial, LLC dba Reprise Financial*

---

[33] Because the defects in Plaintiff's causes of action cannot be cured, Reprise submits that any amended complaint would be futile.

[34] Moreover, Congress specifically chose to bestow Article III standing upon individuals who received telephone calls and did not include individuals who received text messages. The FCC does not have the power to expand the persons with Article III standing to bring a claim under the TCPA. For this reason, alternatively, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).



NICHOLAS DAZER PC
12901 SE 97th Avenue, Ste. 330
Clackamas, Oregon 97015
Telephone: (503) 953-1040
Facsimile: (503) 953-1039